BAXTER v. LOWE et al.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1899.)

No. 1,111.

INSOLVENT CORPORATION—CLAIM FOR ATTORNEY'S SERVICES.

A finding by the court, in sustaining exceptions to a master's report, that services rendered by an attorney who was a stockholder and creditor, and had been one of the officers of a corporation, were not for the benefit of the corporation, but in furtherance of a plan to wreck it, and therefore would not support a claim for compensation from the receiver, *held* to be supported by the evidence.

Appeal from the Circuit Court of the United States for the District of Minnesota.

George N. Baxter, in pro. per.
L. A. Merrick and A. N. Merrick, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. At the suit of Henry B. Lowe it was decreed that the Pioneer Threshing Company be dissolved, and its affairs wound up, and a receiver was appointed for that purpose. George N. Baxter, the appellant, filed his petition of intervention in the case, claiming there was due him from the dissolved corporation for attorney's fees, after allowing a credit thereon of $432.56, a balance of $1,084.45. His claim was referred to a special master, who reported in favor of its allowance. Exceptions were duly taken to the master's report by the receiver, and upon a hearing thereof the court sustained the exceptions, except as to two items, aggregating $100, which were allowed. The court found that the appellant had "received from the defendant corporation the sum of $432.56 on the 1st day of May, 1896," and ordered that the $100 allowed the appellant for fees be credited on that sum,—the $432.56 received by him from the corporation. Just how the appellant became possessed of this $432.-

56 is not disclosed by the record; the master's report only stating that the "claimant credits the payment of a sum ($432.56) made under peculiar circumstances." No judgment was rendered in favor of the receiver for the balance of the $432.56, after deducting the $100 allowed the appellant.

Some of the stockholders and directors of the corporation concocted a scheme to wreck the corporation for their own profit and benefit, and to the detriment of its other stockholders and creditors. This much has been judicially determined and decreed, and is not subject to review. It was the attempted accomplishment of this scheme that led to the decree dissolving the corporation and for winding up its affairs, and the appointment of the receiver for that purpose. The appellant was a stockholder and creditor of the corporation, and at times its secretary and attorney. He was fully advised of the action of those stockholders and directors who attempted to wreck the corporation, and actively aided, by his advice and counsel as an attorney, in the efforts that were made to accomplish that result. And the material question in the case is whether the services charged for were rendered for the corporation, or for and on behalf of those members of the corporation who attempted, for fraudulent purposes, to wreck it. The court below found the services charged for, with the exception of $100, were rendered for the latter purpose, and not for, or in the interest of, the corporation. The finding of the lower court on this issue is presumptively correct. We have read the evidence and the record in the case very carefully, and are unable to say that the finding of the circuit court is not supported by the evidence; on the contrary, we think that it is.

From the record in the case it is apparent that litigation between these parties on this subject will continue without profit or gain to either, but with loss to both, as long as there is a thread to hang a controversy upon. A stop must be put to further litigation, and to that end the decree of the circuit court will be affirmed, with the modification that the decree below shall be deemed and held to be a full and complete satisfaction of all claims or demands of each party against the other growing out of the transactions mentioned, and especially a satisfaction of any claim or demand the receiver might or could assert against appellant for any balance of the $432.56, admitted by the appellant to have been paid to him, after crediting thereon the $100 found due the appellant. As thus modified, the decree below is affirmed.